UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **DAVID SHAUN NEAL,** | Civ. No. 13-6981 (KM)(MAH) |
| **Plaintiff,** | |
| v. | **MEMORANDUM ORDER DENYING APPEAL OF MAGISTRATE'S ORDER** |
| **ASTA FUNDING, INC.,** | |
| **Defendant.** | |

 **THIS MATTER** having been opened by Plaintiff David Shaun Neal, appearing *pro se*, by motion [ECF No. 54] appealing, pursuant to Fed. R. Civ. P. 72(a), Magistrate Judge Michael A. Hammer's order [ECF No. 50] administratively terminating Plaintiff's motion to vacate an arbitrator's partial final award [ECF No. 46], pending the completion of accelerated discovery regarding whether the arbitrator had jurisdiction over Plaintiff, and the Defendant, Asta Funding, Inc., by its attorney Mandelbaum, Salsburg, Lazris & Discenza, P.C., having opposed Plaintiff's appeal by letter brief [ECF No. 55], and Plaintiff having submitted additional letters concerning his underlying motion to vacate [ECF No. 66] and requesting that discovery be stayed and the upcoming discovery conference be adjourned [ECF No. 67]; and the Court having considered the papers before it, pursuant to Federal Rule of Civil Procedure 78(b); and it

 **APPEARING THAT** Magistrate Judge Hammer committed no legal error nor made any clearly erroneous finding in his order administratively terminating the motion to vacate the partial final award pending accelerated discovery regarding the arbitrator's jurisdiction, if any, over Plaintiff; to the contrary, Judge Hammer employed a frequently utilized measure for managing the timing and order of motions, well within the discretion of the Court; and it further

 **APPEARING THAT** Judge Hammer's order was fully appropriate given that any award or awards issued by the arbitrator would be subject to an order vacating same as against Plaintiff in the event this Court finds that the arbitrator exceeded his power with respect to jurisdiction over Plaintiff; and it

**APPEARING THAT** Judge Hammer's order was also appropriate in that it recognized that the ultimate issue, in both this declaratory judgment action and the anticipated related action to confirm and/or vacate the recently issued final arbitration award against Plaintiff, cannot be adjudicated without evidence relating to the legal theories under which Plaintiff could potentially be bound to arbitrate disputes concerning non-party New World Solutions Inc.'s agreement with Plaintiff, as discussed extensively on the record at the hearing held March 7, 2014; and it further

**APPEARING THAT** this Court has recognized the need for discovery prior to adjudicating this issue and has ordered that the parties commence expedited discovery related solely to the arbitrator's jurisdiction, if any, over Plaintiff [ECF. 44],

**IT IS** this 17th day of April, 2014,

**ORDERED** as follows:

1. Magistrate Judge Hammer's order administratively terminating the motion to vacate the partial final award of the arbitrator is **AFFIRMED.**

2. Plaintiff's request by letter [ECF No. 67] that the discovery conference scheduled for April 22, 2014 be adjourned is **DENIED.**

_____
**HON. KEVIN MCNULTY**
**United States District Judge**