UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID SHAUN NEAL,<br><br>     Plaintiff,<br><br>v.<br><br>ASTA FUNDING, INC.,<br><br>     Defendant. | Civ. No. 13-6981 (KM) (MAH) |
| ASTA FUNDING, INC.,<br><br>     Petitioner,<br><br>v.<br><br>DAVID SHAUN NEAL, ROBERT F. COYNE, ESQ., and NEW WORLD SOLUTIONS, INC.,<br><br>     Respondents. | Civ. No. 14-2495 (KM)(MAH) |
| DAVID SHAUN NEAL,<br><br>     Plaintiff,<br><br>v.<br><br>ASTA FUNDING, INC.,<br><br>     Defendant. | Civ. No. 14-3550 (KM) (MAH) |

| | |
|---|---|
| **ROBERT F. COYNE,**<br><br>　　　　　　　　　**Plaintiff,**<br><br>v.<br><br>**ASTA FUNDING, INC.,**<br><br>　　　　　　　　　**Defendant.** | Civ. No. 14-3932 (KM) (MAH) |

### MEMORANDUM OPINION

**MCNULTY, U.S.D.J.:**

　　On June 30, 2016, I filed in all four of the above-captioned actions an Opinion and Order (*see, e.g.,* 13 cv 6981 ECF nos. 167, 168). There, an arbitration award was confirmed in favor of Asta Funding Inc. ("Asta") and against New World Solution, Inc. ("NWS"), David Shaun Neal, and Robert F. Coyne. In addition, and in the alternative, summary judgment was granted in favor of Asta, and denied to Neal and Coyne, after a full opportunity for federal-court discovery. The petitions of Neal and Coyne to vacate the arbitration award were dismissed, and miscellaneous motions were denied. Now before the Court are identical motions, filed in all four actions, for reconsideration of the Opinion and Order.[1] For the reasons stated herein, the motions are denied.

　　This Court authorizes motions for reconsideration pursuant to Local Civil Rule 7.1(i).[2] *Bowers v. Nat'l Collegiate Athletics Assoc.,* 130 F. Supp. 2d 610, 612 (D.N.J. 2001). That Rule states:

---

[1]　The motions are: 13 cv 6981 ECF no. 170; 14 cv 2495 ECF no. 29; 14 cv 3550 ECF no. 17; and 14 cv 3932 ECF no. 29. Herein, I will refer only to the motion in 13 cv 6981, and docket citations, unless otherwise specified, are to 13 cv 6981.

[2]　Motions for reconsideration are not expressly listed in the Federal Rules of Civil Procedure. *See Harrison v. Smith,* Civ. No. 08–3050, 2010 WL 715666, at *2 (D.N.J. Feb. 24, 2010). Courts have sometimes treated them as motions to alter or amend the judgment of the court pursuant to Rule 59(e), or as motions for relief from the court's judgment or order under Rule 60(b). *See Harrison,* 2010 WL 715666 at *2.

2

> [A] motion for reconsideration shall be served and filed within 14 days after the entry of the order or judgment on the original motion by the Judge or Magistrate Judge. A brief setting forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked shall be filed with the Notice of Motion.

L. Civ. R. 7.1(i).

A motion for reconsideration pursuant to this District's Local Rules or Federal Rule of Civil Procedure 59 is "'an extremely limited procedural vehicle.'" *Tehan v. Disability Mgmt. Servs., Inc.*, 111 F. Supp. 2d 542, 549 (D.N.J. 2000) (quoting *Resorts Int'l, Inc. v. Greate Bay Hotel and Casino, Inc.*, 830 F. Supp. 826, 831 (D.N.J. 1992)). A court will grant a motion for reconsideration only where: (1) an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice. *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros,* 176 F.3d 669, 677 (3d Cir. 1999); *Beety-Monticelli v. Comm'r of Soc. Sec.,* 343 F. App'x. 743, 747 (3d Cir. 2009) (non-precedential). In other words, such a motion may be granted where facts or controlling legal authority were presented to, but not considered by, the court. *Mauro v. N.J. Supreme Ct.,* 238 F. App'x 791, 793 (3d Cir. 2007) (non-precedential).

Reconsideration is not warranted, however, where (1) the movant simply repeats the cases and arguments previously analyzed by the court, *Arista Recs., Inc. v. Flea World, Inc.,* 356 F. Supp. 2d 411, 416 (D.N.J. 2005); *see also Tehan,* 111 F. Supp. 2d at 549 ("Motions for reconsideration will not be granted where a party simply asks the court to analyze the same facts and cases it had already considered . . . ."); or (2) the movant has filed the motion merely to disagree with or relitigate the court's initial decision, *id.; see Morris v. Siemens Components, Inc.,* 938 F. Supp. 277, 278 (D.N.J. 1996) ("A party's mere disagreement with a decision of the district court should be raised in the ordinary appellate process and is inappropriate on a motion for reargument."). The motion is not a vehicle for a litigant to raise new arguments or present

3

evidence that could have been raised prior to the initial judgment. *See Bapu Corp. v. Choice Hotels Int'l, Inc.*, Civ. No. 07–5938, 2010 WL 5418972 (D.N.J. Dec. 23, 2010) (citing *P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001)).

Because the requirements are so stringent, motions for reconsideration typically are not granted; rather, relief is "an extraordinary remedy" to be granted "sparingly." *See NL Indus. Inc. v. Commercial Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996). Unless a court has truly failed to consider pertinent authorities or evidence that could not with reasonable diligence have been presented earlier, a motion to reconsider a decision (even one that may contain an error) is generally futile. None of the features warranting reconsideration are present in this motion.

Emblematic of the inadequacy of this motion is its first point: the contention that the agreement at issue did not incorporate the Arbitration Rules of the American Arbitration Association ("AAA"). As pointed out in my Opinion, the agreement at issue contained the following clause:

> In the event that a dispute, controversy, or claim between the Parties arising directly or indirectly out of or in connection with this Agreement cannot be resolved by the IT Services Managers, either Party may elect to have such dispute, controversy, or claim resolved by arbitration in accordance with the Commercial Arbitration Rules of the American Arbitration Association ("AAA").

(Opinion at 5) That, I held, was a "clear and unmistakable" statement of intent that arbitration be governed by the AAA Rules. (Opinion at 27–28)

Neal and Coyne now argue that this clause was ineffective because different language is "required by the AAA Rules." They do not cite the "AAA Rules" to which they are referring. At any rate, the language they cite is not a "magic words" formulation, but a standard clause. It has been judicially upheld, but never judicially required. All that is required, as stated in my Opinion, is that the language convey a clear and unmistakable intent to

4

arbitrate and to do so under the AAA rules.[3] The clause in this agreement, as I found, meets that requirement. Neal and Coyne may think that it does not, but they offer no basis under the standards stated above, such as overlooked authority or an argument that was unavailable to them at the time, to reopen the Court's decision. In their view, I have held that an arbitrator, under the AAA Rules, may extend jurisdiction over "whomever he felt," or over "any nonparty." But the Court, in a thirteen page discussion, carefully stated the legal bases for, and limits of, such jurisdiction. (*See* Opinion at 25–38)

The remainder of the motion simply states certain reasons that Neal and Coyne disagree with the Opinion or the Court's interpretation of case law. No arguments that are new, or that could not have been pursued at the time of the motions, are proffered. Indeed, these seem to be the very arguments that Neal and Coyne did pursue, and that were rejected by the Court for the reasons stated in the Opinion.

## CONCLUSION

For the foregoing reasons, the motion for reconsideration (ECF no. 170) is denied. A separate order will issue.

Dated: December 14, 2016

_____
HON. KEVIN MCNULTY, U.S.D.J.

---

[3] The language they quote may derive from a publication, "Drafting Dispute Resolution Clauses: A Practical Guide," at p. 10. That Guide is available at www.adr.org/aaa/ShowPDF?doc=ADRSTG_002540. The language, as quoted by Neal and Coyne, is as follows:

> The parties can provide for arbitration of future disputes by inserting the following clause into their contracts:
>
>> Any controversy or claim arising out of or relating to this contract, or the breach thereof, shall be settled by arbitration administered by the American Arbitration Association under its Commercial Arbitration Rules, and judgment on the award rendered by the arbitrator(s) may be entered in any court having jurisdiction thereof.

(Motion Brf. at 1) As rendered by Neal and Coyne, the passage omits certain bracketed alternative language that is in the original.

5