UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID SHAUN NEAL,<br><br>                 **Plaintiff,**<br><br>v.<br><br>ASTA FUNDING, INC.,<br><br>                 **Defendant.** | Civ. No. 13-6981 (KM) (MAH) |
| ASTA FUNDING, INC.,<br><br>                 **Petitioner,**<br><br>v.<br><br>DAVID SHAUN NEAL, ROBERT F. COYNE, ESQ., and NEW WORLD SOLUTIONS, INC.,<br><br>                 **Respondents.** | Civ. No. 14-2495 (KM)(MAH) |
| DAVID SHAUN NEAL,<br><br>                 **Plaintiff,**<br><br>v.<br><br>ASTA FUNDING, INC.,<br><br>                 **Defendant.** | Civ. No. 14-3550 (KM) (MAH) |

| | |
|---|---|
| ROBERT F. COYNE,<br><br>          **Plaintiff,**<br><br>v.<br><br>ASTA FUNDING, INC.,<br><br>          **Defendant.** | Civ. No. 14-3932 (KM) (MAH)<br><br>**OPINION AND ORDER** |

This matter comes before the Court on the motion of plaintiff Robert Shaun Neal for relief from judgment, pursuant to Fed. R. Civ. P. 60(b)(b)(3). Although filed under Civ. No. 14-2495, the motion states that it applies "to the related cases" captioned above. (Neal Br. 1)[1] The motion seeks relief from an Opinion and Order granting summary judgment, filed in Civ. No. 13-6981. (*See* 13-6981 ECF nos. 167, 168.) Neal's motion for reconsideration was denied. (*See* 13-6981 ECF nos. 176, 177.) For purposes of this Opinion, familiarity with those earlier orders and opinions is assumed. For the reasons expressed herein, the Rule 60(b)(3) motion will be denied.

"[A] 'movant under Rule 60(b) bears a heavy burden,' and '[w]e view Rule 60(b) motions as extraordinary relief which should be granted only where extraordinary justifying circumstances are present.' *Bohus v. Beloff*, 950 F.2d 919, 930 (3d Cir.1991) (internal citations and quotation marks omitted)." *Oat v. Sewer Enterprises, Ltd.*, 584 F. App'x 36, 41 (3d Cir. 2014). Neal relies in particular on Rule 60(b)(3), which provides for relief from a final judgment, order, or proceeding based on "(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." The standard is a rigorous one:

> To reopen a judgment under Rule 60(b)(3), specifically, a plaintiff must show, by clear and convincing evidence: "(1) that the adverse

---

[1]     The briefs on this motion are cited as "Neil Br." (Civ. No. 14-2495 ECF no. 64-1), "Asta Br." (*id.* no. 65) and "Neal Reply" (*id.* no. 67).

party engaged in fraud or misconduct; and (2) that is conduct prevented the moving party from fully and fairly presenting this case.["] *Bamigbade v. City of Newark*, 2006 U.S. Dist. LEXIS 3534, at *7 (D.N.J. Jan. 30, 2006) (citing *Stridiron v. Stridiron*, 698 F.2d 204, 207 (3d Cir.1983); *see also Brown v. Penn. R.R. Co.*, 282 F.2d 522, 527 (3d Cir.1960).

*Toolasprashad v. Wright*, No. CIV A 02-5473(JBS), 2008 WL 4845306, at *5 (D.N.J. Nov. 3, 2008).

Neal's motion may be considered a motion to vacate my own award of summary judgment which affirmed the arbitration award. As to that, Neal has already sought and been denied reconsideration once. This Rule 60(b) motion may be viewed, then, as a second motion for reconsideration.

On the other hand, what Neal is really asking the Court to reconsider is the arbitration award itself. As to that, Rule 60(b) does not supply the standard. An arbitration award is (and in this case was) reviewed under the highly deferential standards of the Federal Arbitration Act, 9 U.S.C. §§ 9, 10.[2] Overlaid by the standards of Rule 60(b)(3), such a motion requires an additional measure of deference.

Neal offers no "clear and convincing evidence" of "fraud" that "prevented" him from presenting his case to the arbitrator, or, on review, to me. *See Toolasprashad, supra*. He complains, rather, that he came out on the losing end of a credibility contest. If that were grounds for relief, then perhaps every losing litigant would have a Rule 60(b)(3) motion.

Asta's witnesses in the arbitration, says Neal, are liars.[3] Contrary to the arbitrator's findings, he did not misappropriate Asta's emails. Asta witnesses, moreover, lied and withheld evidence when they said that SISI (an entity

---

[2] *See, e.g., Atl. City Elec. Co. v. Estate of Riccardo*, 682 F. Supp. 2d 498, 507 (E.D. Pa. 2010) (citing *Washington–Baltimore Newspaper Guild, Local 35 v. Washington Post Co.*, 442 F.2d 1234, 1239 (D.C. Cir. 1971) (holding "we think that neither Rule 60(b) nor any judicially constructed parallel thereto was meant to be applied to final arbitration awards... ").

[3] Neal sets the scene with a section accusing Asta and its CEO, Gary Stern, of various forms of misconduct unrelated to this case. (Neal Brf. 3–4)

3

controlled by Neal and/or Coyne) did not perform significant computer consulting work. And yet the arbitrator, as quoted by Neal, found that "Mr. Neal's deposition testimony regarding SISI was evasive and not credible; Mr. Coyne refused to answer questions regarding SISI, despite being directed to do so (by me) when the questions were objected to, and his refusal to answer gives rise to an adverse inference that his testimony would be adverse to Respondents." (Neal Brf. 5–6)

These, however, are issues that were properly for the arbitrator to resolve. Even on a motion to confirm or vacate an award, a court will not ordinarily delve into such matters. Still less will it do so on a subsequent Rule 60(b)(3) motion, where the movant simply disagrees with the result and the alleged "fraud" consists chiefly of the testimony of opposing witnesses.

There is another problem. None of this was unknown to Neal at the time of the arbitration or at the time of the motions to confirm or vacate the award. Neal acknowledges this, but he has a reason for not bringing it up until now: "The statute of limitations has fully run on any action that ASTA might take against SIS, therefore Neal and Coyne are now free to explain the SIS discrepancies." (Neal Brf. 6) But Neal cites no case that permits a party to sit out a proceeding for fear that its explanation would expose it to civil liability, and reopen proceedings once the statute of limitations has run. So far as I am aware, there is no such authority permitting a party to spool out its contentions one at a time in motions.

In short, there is no clear and convincing evidence of the kind of fraud that would justify Rule 60(b)(3) relief.

**ORDER**

Accordingly, IT IS this 26th day of July, 2017

ORDERED that the plaintiff's Motion (Civ. No. 14-2495, ECF no. 64) for relief from judgment in the above-captioned related cases, pursuant to Fed. R. Civ. P. 60(b)(3), is DENIED.

The clerk shall file this Opinion and Order in all of the above-captioned actions.

_____
HON. KEVIN MCNULTY, U.S.D.J.